Filed 6/22/16  Khodayari v. Ardalan CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| BAHMAN KHODAYARI,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>PEZHMAN CHRISTOPHER ARDALAN et al.,<br><br>    Defendants and Respondents. | B262916<br><br>(Los Angeles County<br>Super. Ct. No. LC090227) |

APPEAL from an order of the Superior Court of Los Angeles County, Frank Johnson, Judge.  Affirmed.

Bahman Khodayari, in pro. per., for Plaintiff and Appellant.

Law Offices of Mark K. Drew and Mark K. Drew for Defendants and Respondents.

Some three years ago we decided an appeal between the same parties, over the same dispute. (*Khodayari v. Ardalan* (April 10, 2013, B239102) [nonpub. opn.]; "previous opinion.") In that case, appellant sought to reverse court orders granting dismissal of most of the causes of action after a successful demurrer and summary judgment for respondents on the others. In our unpublished opinion from that appeal, we affirmed the order of dismissal but reversed the order granting summary judgment. Those rulings and their supporting rationale are, of course, law of the case as to this subsequent appeal. *(People v. Barragan* (2004) 32 Cal.4th 236, 246; Witkin, California Procedure (5th ed., 2008), Appeal, § 459.) In further proceedings on remand, the trial court ultimately granted respondents' motion for judgment on the pleadings, and it is from that judgment that the present appeal is presented.

## FACTUAL AND PROCEDURAL SUMMARY

The underlying facts and procedural history are fully discussed in our previous opinion, and we briefly recount them now.

Appellant, Bahman Khodayri, and his brother operated an auto repair business. In 2006 appellant was charged with 26 misdemeanor counts of grand theft, attempted extortion, and other related crimes. He sought legal representation and ultimately retained respondents. The previous appeal and this appeal center on the terms of that engagement. Appellant claimed that respondent agreed to represent him in the criminal proceedings, through trial by court or jury, for a flat fee of $15,000, to be paid in advance, excluding costs of investigation and appeal. According to appellant, that was the oral agreement of the parties. The written retainer agreement was quite different. It provided that respondents would represent appellant in the criminal proceedings for a fee of $300 an hour for counsel and $100 an hour for paralegals and law clerks, plus various costs, and that appellant would provide an advance of $15,000 for the first 50 hours of work. According to appellant, when the agreement was signed, respondents told him that it reflected the terms agreed to in the oral understanding, and appellant simply signed the written instrument at the places indicated by respondents. Significantly, appellant is a

2

Farsi speaker with no or limited ability to read and understand English.

Appellant paid the $15,000 and respondents undertook the representation. This was in September 2006. Beginning in January 2007, respondents told appellant that the $15,000 had been largely drawn down and needed to be replenished. The relationship between attorney and client became strained at that point, and in March 2007 respondents moved to be relieved as counsel due to a conflict of interest. Ardalan explained that the attorney-client privilege precluded him from providing more information about their differences. In response to the court's question, appellant declined to waive the privilege, and the court granted respondents' motion to be relieved. In July 2008, appellant was incarcerated as a result of the criminal proceedings. In June 2010 he sued respondents. His complaint alleged 16 causes of action. The second amended complaint became the operative pleading. Respondents' demurrer was sustained as to all causes of action in that complaint except the action for breach of contract. Respondents then moved for summary judgment on that cause of action. Summary judgment was granted, resulting in a final trial court adjudication as to the entire operative pleading. On appeal, we upheld the trial court rulings on all but the contract cause of action. As to that, we reversed for further proceedings in light of the Supreme Court's then very recent decision in *Riverisland Cold Storage, Inc. v. Fresno-Madera Production Credit Assn.* (2013) 55 Cal.4th 1169 *(Riverisland).* On remand, the trial court granted judgment on the pleadings to respondent on that remaining cause of action.

As recounted in our previous opinion, the breach of contract cause of action in the second amended complaint was based on allegations that respondents repeatedly assured appellant that the $15,000 payment would cover the entire cost of defense through jury trial (with the exceptions we have noted), but breached the agreement by refusing to provide further representation without further payment of fees by appellant, and then withdrawing from representation. Appellant's case for breach of contract turned on application of the parol evidence rule, which is codified in Code of Civil Procedure section 1856 and Civil Code section 1625. The rule provides, broadly, that parol evidence is inadmissible to alter or add to the terms of an integrated writing, including

3

written contracts. A writing is "integrated" when it constitutes the final expression of one or more terms of the agreement. No one questions whether the written agreement in this case is "integrated"; the issue on appeal turns on the exception to Code of Civil Procedure section 1856, subdivision (g), making the rule inapplicable to "establish illegality or fraud."

Appellant's position is that this exception applies to the present dispute. His argument is essentially that he and respondents had reached an agreement about the latter's legal representation, which was essentially that, in exchange for a $15,000 flat fee, paid in advance, respondents would represent appellant through a jury verdict in the case, plus costs of investigation. And respondents told appellant that the written agreement reflected that understanding, and indicated where appellant should sign it. Believing this representation, appellant signed the written agreement. His doing so, he argues, was the result of fraud perpetrated by respondents because the written contract was very materially different from the oral understanding.

As discussed in our previous opinion, *Riverisland, supra,* 55 Cal.4th 1169 overruled a previous opinion of the Supreme Court, *Bank of America Etc. Assn. v. Pendergrass* (1935) 4 Cal.2d 258 *(Pendergrass),* which had limited the fraud exception by holding that proof of fraud requires evidence of fraud in the procurement of the instrument or a breach of confidence in its use, and "not a promise directly at variance with the promise or writing." *(Id.* at 263.) *Riverisland* holds that the rule is not so limited, and, instead, that "'it was never intended . . . [to] be used as a shield to prevent the proof of fraud.'" (55 Cal.4th at p. 1182.) Respondents argued that *Riverisland* is not applicable to the present dispute because appellant did not challenge the validity of the contract, but was seeking to modify its terms to reflect the oral understanding. We declined to read the case so narrowly. Instead, we reasoned that, as in *Riverisland,* the gravamen of the breach of contract cause of action was that the written agreement did not memorialize the actual agreement of the parties—that appellant would have been represented by respondents through trial for a flat fee of $15,000—which respondent breached by refusing to represent him through trial without payment of more money.

4

That agreement stated a viable cause of action, and parol evidence was admissible to raise a triable issue of material fact as to whether respondents breached the agreement by demanding more. (*Khodayari v. Ardalan*, *supra*, B239102.) We concluded that, since *Riverisland* was decided while this case was on appeal, the trial court "did not have an opportunity to determine its impact on the timeliness of the breach of contract cause of action," and hence remand was appropriate. (*Ibid.*)

The trial court has now had that opportunity, and has concluded that appellant's lawsuit must still fail on statute of limitations grounds. As we next discuss, we agree with this conclusion.

From the beginning, it has been appellant's position that the parties reached an oral agreement by which respondents would represent him through jury trial for a flat fee of $15,000, paid in advance. The limitations period for breach of an oral contract is two years. (Code of Civil Pro., § 339 (further code citations are to this code).) The alleged breach in this case occurred in September 2006, when respondent refused to further represent appellant without payment of more money. Appellant filed his action in June 2010, well after the two-year period. There is a signed written agreement, and the limitations period for breach of a written agreement is four years. (§ 337.) But, as we have discussed, the provisions of the written contract are entirely contrary to appellant's claim as to the oral contract.

Appellant alleges that he was induced by fraud to sign the written contract by respondents' assurance that the written document reflected the oral understanding with respect to fees. The applicable limitations period for an action based on fraud is three years. (§ 338, subd. (d).) It "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud . . . ." (*Ibid.*) In this case, that was in September 2006 when respondent demanded more money for representing appellant than the $15,000 appellant already had paid, or, at the latest in March 2007, when respondents was relieved from further representation of appellant. Appellant had three years from then to sue for fraud. The lawsuit filed in June 2010, obviously is beyond that period.

Appellant argues we should apply the four-year statute because he signed a written

contract, based on respondents' false representation that it memorialized the oral understanding the parties already had reached, and hence that the four-year statute should apply. But this approach glosses over the fact that the heart of the action is a claim of fraud perpetrated by respondent: that the written agreement reflected the $15,000 flat fee arrangement, when in fact it did not.

Respondents argue that appellant is limited to suit on an oral contract, since that was the position appellant took in discovery and arguments before the trial court and in the previous appeal. Appellant now argues that suit on a written contract was an alternative theory upon which he also relied. But the fee provision in the written contract is precisely what appellant is trying to avoid.

To be sure, the deficiencies in appellant's pleadings were before us at the time of the earlier appeal. But *Riverisland, supra,* 55 Cal.4th 1169 was a new case, having been decided shortly before oral argument in the previous appeal. We invited argument on the case, and, noting that it had not been before the trial court, we reversed the judgment on the pleadings on the written contract cause of action so that the issues could be more fully developed. Nothing has been presented to justify overturning the decision of the trial court on remand. (See, generally, *Julius Castle Restaurant, Inc. v. Payne* (2013) 216 Cal.App.4th 1423, 1441 [suggesting that "[i]n the post-*Riverisland* world, parties would be better served in addressing the heightened burden of proving fraud in a civil action" than seeking to limit the case on policy grounds]; Witkin, California Evidence (5th ed., 2012 & supp.), Documentary Evidence, § 100.)

**DISPOSITION**

The judgment is affirmed.  Respondents to have their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                        EPSTEIN, P. J.

We concur:



WILLHITE, J.



MANELLA, J.


7